IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**THOMAS F. FARB,**

    **Plaintiff,**

    **v.**                                         **Civil No. 12-1772 (GAG)**

**JOSE R. PEREZ-RIERA, et al.,**

    **Defendants.**

## OPINION AND ORDER

Presently before the court is co-defendant Jose Perez Riera's ("Perez Riera") motion to quash summons and to dismiss the complaint for insufficient service of process (Docket No. 79), Plaintiff's opposition (Docket No. 81), and Perez Riera's reply to the opposition (Docket No. 82-1). Upon reviewing the filings and the applicable law, Perez Riera's motion to quash summons is **GRANTED**, but his motion to dismiss the complaint is **DENIED**.

**I.      Standard of Review**

Rule 12(b)(5) allows a defendant to seek dismissal for a plaintiff's failure to sufficiently serve the defendant with process. FED. R. CIV. P. 12(b)(5). The requirements for serving process on an individual within a judicial district of the United States are delineated in Rule 4(e). FED. R. CIV. P. 4(e). This Rule allows a plaintiff to serve a defendant pursuant to the laws of the state in which the defendant is located or pursuant to federal law. See FED. R. CIV. P. 4(e)(1 & 2). A district court may dismiss a complaint for a plaintiff's failure to effectively serve a defendant with process. See Blair v. City of Worcester, 522 F.3d 105, 110 (1st Cir. 2008). Once the sufficiency of service of process is challenged, the "plaintiffs have the burden of proving proper service." Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992).

**II.     Factual and Procedural Background**

On September 17, 2012, Plaintiff filed the instant complaint with the court. (Docket No. 1.)

**Civil No. 12-1772 (GAG)**                                2

The following day, the Clerk of Court issued summonses to the defendants, including Perez Riera. (Docket No. 3.) Plaintiff filed an amended complaint on November 7, 2011. (Docket No. 5.) On February 14, 2013, Plaintiff filed a motion to serve Perez Riera by publication, which Plaintiff supplemented on February 19, 2013. (Docket Nos. 21, 23.) On March 18, 2013, the court granted Plaintiff's motion for service by publication. (Docket No. 59.) The order instructed Plaintiff to "serve defendant Jose R. Perez Riera by edict and publication conforming with Rule 4.6 of the Puerto Rico Rules of Civil Procedure, and file a notice of service." (Id.) The court ordered service by publication be made by April 18, 2013. (Id.) On April 5, 2013, Plaintiff filed a notice of service by publication (Docket No. 75) and on April 11, 2013, Plaintiff filed a motion for default entry as to Perez Riera (Docket No. 76).

### III.    Discussion

Perez Riera claims Plaintiff improperly attempted to serve process upon him by publication. In particular, Perez Riera argues that the summons published in the newspaper did not comply with Rule 4.5(b)[1] of the Puerto Rico Rules of Civil Procedure because it failed to include a title, to specify the type of action, and to inform Perez Riera of the correct time period to answer the complaint. He further asserts that the Clerk of Court never issued summons for publication. (See Docket No. 79.)

Rule 4(e) of the Federal Rules of Civil Procedure provides that service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). In Puerto Rico, a plaintiff may serve a defendant through publication if specific criteria are met. See

---

[1] The Puerto Rico Rules of Civil Procedure were amended in 2009. See P.R. LAWS ANN. tit. 32, app. V. Puerto Rico Rule of Civil Procedure 4.6 ("Rule 4.6") provides for service by publication. See P.R. LAWS ANN. tit. 32, app. V. R. 4.6. However, as of the day of this opinion, there is no English translation for the 2009 Rules. The undersigned, being fully bilingual, notes the pertinent part of Rule 4.6 corresponds to Rule 4.5 of the 1979 Puerto Rico Rules of Civil Procedure. See P.R. LAWS ANN. tit. 32, app. III, Rule 4.5. Accordingly, for purposes of this motion, the court will cite the English translation of Rule 4.5. Notwithstanding, Perez Riera shall, on or before June 15, 2013, file a certified translation of Rule 4.6 for the record.

**Civil No. 12-1772 (GAG)**                                3

P.R. LAWS ANN. tit. 32, app. III. R. 4.5. Rule 4.5(b) lists ten pieces of information the summons must contain including: (1) a title (Service by Edict); (2) type of action, and; (3) the term within which the person served shall answer the complaint.

Plaintiff fails to address Perez Riera's assertion that Plaintiff did not include a title and the nature of the complaint in the summons as required by Puerto Rico law. He also fails to prove the Clerk of Court issued summons for publication.[2] The only factor in dispute is whether Plaintiff indicated the correct term for Perez Riera to answer the complaint. Perez Riera argues that, because Plaintiff is attempting service of process pursuant to Puerto Rico law, Plaintiff was required to identify the time allowed for Perez Riera to answer the complaint as thirty days, as set forth in Puerto Rico law, rather than twenty one days as set forth in Federal Rule of Civil Procedure 12(a).

The court finds that Plaintiff used the correct time period in the summons. Even if a defendant is served pursuant to a state law method of service, the federal forms of summons must be used. Before the 1993 amendments, Rule 12(a) provided that a defendant shall serve an answer "within 20 days after the service of the summons and complaint upon that defendant . . . *except when service is made under Rule 4(e)* and a different time is prescribed . . . *in the statute or rule of court of the state.*" FED. R. CIV. P. 12(a) (emphasis added); see also Beller & Keller v. Tyler, 120 F.3d 21, 25-26 (2d Cir. 1997). The language referring to time periods contained in state law was deleted when Rule 12(a) was amended in 1993. After the amendments, Rule 12(a) read, "Unless a different time period is prescribed in a statute of the United States, a defendant shall serve an answer . . . within 20 days after being served with the summons and complaint." Id. Currently, Rule 12(a) prescribes twenty one days for service and says nothing about borrowing time periods from state

---

[2] Rule 4 of the Federal Rules of Civil Procedure provides:
> Issuance: On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served.

FED. R. CIV. P. 4(b).

**Civil No. 12-1772 (GAG)**                                   4

law. FED. R. CIV. P. 12(a). "[T]he amendment to Rule 12 specifically superseded all state law requirements relating to the time in which to answer." Beller & Keller, 120 F.3d at 26 ("We hold that under the plain terms of Federal Rule of Civil Procedure 12(a), a defendant has twenty days from receipt of the summons to file an answer unless a federal statute provides otherwise . . . even if, as permitted by Federal Rule of Civil Procedure 4(e), the defendant is served pursuant to a state law method of service and the state law provides a longer time in which to answer."); Hiatt v. Mazda Motor Corp., 75 F.3d 1252, 1258 (8th Cir. 1996) ("[F]ederal court must apply a Federal Rule to a matter within its scope even where it differs from a state rule and could lead to a different outcome.") (citing Burlington No. R.R. Co. v. Woods, 480 U.S. 1, 6 (1987)).

Plaintiff did not properly serve summons within the extension of time granted by the court. Rule 4(m) of the Federal Rules of Civil Procedure governs the timing of service of process. It provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). In deciding whether or not to extend the prescribed time period for service, the court examines whether Plaintiff establishes "good cause" for the untimely service. If Plaintiff establishes "good cause," the court must extend the time for service of process. United States v. Tobins, 483 F. Supp. 2d 68, 77 (D. Mass. 2007). If the plaintiff does not show "good cause," the court has discretion to dismiss without prejudice or to extend the time period. Id. (quoting Henderson v. United States, 517 U.S. 654, 662 (1996) ("[C]ourts have been accorded discretion to enlarge the 120-day period even if there is no good cause shown.")) (internal quotation marks omitted) (citations omitted).

Thus, the court is permitted to grant an extension of time absent good cause. The court finds no evidence that Plaintiff acted in bad faith and, instead of dismissing the case, exercises its discretion and grants Plaintiff an additional term of ten days to correctly serve Perez Riera through

**Civil No. 12-1772 (GAG)**                                 5

publication.

## IV. Conclusion

For the foregoing reasons, Perez Riera's motion to quash is **GRANTED**, but his motion to dismiss the complaint is **DENIED**. (Docket No. 79.) Instead, the court grants Plaintiff an additional term of **ten days**, until May 25, 2013, to correctly serve Perez Riera through publication. Additionally, Perez Riera shall, on or before June 15, 2013, file a certified translation of Rule 4.6 for the record.

**SO ORDERED**

In San Juan, Puerto Rico this 15th day of May, 2013.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge